# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INN FOODS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WHITE OAK FROZEN FOODS, LLC; ) <br> DANFORTH R. WILKINSON; ) <br> HAROLD L. ARCHIBALD; PATRICK ) <br> CERUTTI; and CERUTTI BROS., INC., ) <br> ) <br> Defendants. ) <br> _____ ) | 1:12-CV-00602 AWI DLB <br><br> ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER <br><br> (Doc. No. 7) |

  Before this Court is Inn Foods, Inc.'s Ex Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

  Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by declaration or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

  In this case, it clearly appears from the Declaration of Ronald E. Marker, Chief Financial Officer of Inn Foods, Inc. ("Inn Foods"), that Inn Foods is a produce supplier and trust creditor of Defendant, White Oak Frozen Foods LLC, under Section 5(c) of the Perishable Agricultural

Commodities Act ("PACA"), 7 U.S.C. §499e(c), and has not been paid, as required by PACA, for produce in the total amount of $60,828.48 supplied to said Defendant. It is also clear from the same Declaration and the certification of counsel that White Oak Frozen Foods LLC is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation and that said Defendant is not or may not be in a position to pay Inn Foods' claim, thereby warranting the relief requested by Inn Foods. See Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990).

On the basis of the pleadings, Declaration, and other submissions Inn Foods has filed in this matter, Inn Foods will suffer immediate and irreparable injury due to said Defendant's dissipation of Inn Foods' beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c), and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendants of the pendency of this motion, PACA trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. See H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; see also J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice assures retention of the PACA trust assets under the control of this Court, which is specifically vested with jurisdiction over the trust. See 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, Inn Foods' attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Inn Foods will suffer immediate irreparable injury in the form of loss of PACA trust assets unless this order is granted without notice.

Therefore, it is ORDERED that:

1. Defendant White Oak Frozen Foods LLC, its agents, officers, subsidiaries, assigns, and others acting in concert or participation with them (including Defendants Danforth R. Wilkinson, Harold L. Archibald, and Patrick Cerutti) who receive actual notice of this Order are temporarily restrained and enjoined from dissipating, paying, transferring, assigning or selling PACA trust assets (defined here and in all other parts of this Order as the proceeds of any or all existing or future inventories of food or other products derived from perishable, including frozen, agricultural commodities, and/or receipt of payment for such products sold prior to the date of the issuance of this Order), up to a total of $60,828.48 whether held as receivables, cash on hand, hard assets, within bank accounts, or held in any other tangible or intangible form.

2. The $60,828.48 in PACA trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

3. This Temporary Restraining Order is entered on April 18, 2012, at 9:40 AM.

4. Plaintiff shall serve a copy of this Order, the Motion for Temporary Restraining Order and associated filings, and the Motion for Preliminary Injunction and associated filings by personal service, including by facsimile transmission or Federal Express, on or before April 20, 2012.  Such service shall be deemed good and sufficient.

5. Defendants may apply to the Court for modification or dissolution of the instant Order upon two (2) days' notice to Plaintiff, or upon such shorter notice as the court may allow.

6. A hearing on Plaintiff's Motion for Preliminary Injunction is set for May 1, 2012, at 9:00 AM in Courtroom Two.

7. Defendants shall file and serve an Opposition, if any, to Plaintiff's Motion for Preliminary Injunction on or before April 26, 2012, at 9:00 AM (PDT).  Plaintiff shall file and serve a Reply to Defendants' Opposition, if any, on or before April 30, 2012, at 1:00 PM (PDT).

IT IS SO ORDERED.

Dated:   April 18, 2012                             _____
                                                    CHIEF UNITED STATES DISTRICT JUDGE