**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| INN FOODS, INC., | ) | 1:12-CV-00602 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER ON PLAINTIFF'S |
| | ) | RULE 41(a)(1)(A) NOTICE OF |
| v. | ) | VOLUNTARY DISMISSAL |
| | ) | |
| WHITE OAK FROZEN FOODS, LLC; | ) | (Doc. No. 27) |
| DANFORTH R. WILKINSON; | ) | |
| HAROLD L. ARCHIBALD; PATRICK | ) | |
| CERUTTI; and CERUTTI BROS., INC., | ) | |
| | ) | |
| Defendants. | ) | |

On June 5, 2012, Plaintiff Inn Foods, Inc., ("Inn Foods") filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A).  See Court's Docket, Doc. No. 27.  The notice is not signed by remaining Defendants Patrick Cerutti and Cerutti Bros., Inc., (collectively, the "Cerutti Defendants").  On May 15, 2012, the Cerutti Defendants filed an answer to Inn Foods' complaint.  See id. at Doc. No. 22.

Rule 41(a)(1)(A), in relevant part, reads:

> the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation signed by all parties who have appeared.

Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss a complaint as a matter of right so long as no answer or summary judgment motion have been served by the adverse party.  Wilson v. City of

San Jose, 111 F.3d 688, 692 (9th Cir. 1997).  Rule 41(a)(1)(A)(ii) allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  See Fed. R. Civ. P. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Eitel, 782 F.2d at 1473 n.4.  Similarly, a plaintiff's dismissal under Rule 41(a)(1)(A)(i) is effective on filing and no court order is required.  Wilson, 111 F.3d at 692.

Here, the Clerk has entered default against Defendants Harold L. Archibald, White Oak Frozen Foods, LLC, and Danforth Wilkinson for failure to appear.  See Court's Docket, Doc. No. 26.  The Cerutti Defendants appeared and have filed an answer.  Because an answer has been filed, the plain language of Rule 41(a)(1)(A)(i) indicates that Inn Foods can no longer dismiss its claims as a matter of right.  Thus, voluntary dismissal under Rule 41(a)(1)(A)(i) is not possible. However, dismissal can still be obtained under Rule 41(a)(1)(A)(ii).  As the express language of this rule suggests, for a dismissal to be effective under Rule 41(a)(1)(A)(ii), all parties who have appeared must sign the stipulation.  Here, only Inn Foods has signed the voluntary dismissal; the Cerutti Defendants have not signed a stipulation.  Because a party who has appeared has not agreed to the dismissal, Inn Foods' claims cannot be dismissed under Rule 41(a)(1)(A)(ii).

Because Inn Foods' Rule 41(a)(1)(A) notice of voluntary dismissal is defective, the claims against the remaining Cerutti Defendants cannot be dismissed.  Dismissal of Inn Foods' claims is still possible through Rule 41(a)(1)(A)(ii) if the Cerutti Defendants agree, or through a properly supported Rule 41(a)(2) motion.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs's Notice of Voluntary Dismissal under Rule 41(a)(1)(A) is deemed ineffective and DENIED without prejudice.

IT IS SO ORDERED.

Dated:   June 7, 2012                                                  _____
                                                                                               CHIEF UNITED STATES DISTRICT JUDGE